

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. Eugene Tate
County Attorney
Hamilton County
Hamilton, Texas

Dear Sir:

Opinion No. O-2584
Re:  The County Attorney is not
     entitled to a fee in a pro-
     ceeding authorized by Arti-
     cle 3193e-1, Vernon's Anno-
     tated Civil Statutes.

Your recent request for an opinion of this Depart-
ment on the question as is herein stated has been received.

We quote from your letter as follows:

"I respectfully ask your opinion on the fol-
lowing question:

"When a defendant is committed to the Austin
State Hospital for 90 days for observation and
treatment, is the County Attorney entitled to the
regular $10.00 fee as is provided in other lunacy
cases?

"Under the provisions of the statute which
sets out the procedure to be followed in committing
a patient for 90 days there is an article which pro-
vides that the cost in such procedure shall be paid
as is the cost in other proceedings under the same
title.  I find no cases cited under the last mentioned
article, but inasmuch as it is a part of the title
dealing with insane persons I believe that the fees
should be paid.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable W. Eugene Tate, page 2

"Will you please advise me what your opinion is on the matter?"

You do not mention any statute by number in your inquiry; however, after reading your request for an opinion it is apparent that you have reference to Article 3193.o-1, Vernon's Annotated Civil Statutes, which in effect provides among other things that, if information in writing and under oath be given to any county judge that any person in his county who is not charged with a criminal offense, is believed to be mentally ill, and that the welfare of himself and/or others require that he be placed in a state hospital for the mentally ill for not exceeding ninety days for observation and/or treatment, and such county judge shall believe such information to be true, he shall forthwith, in term time or vacation, fix a day and place for the hearing and determining of the matter, which place shall be either in the courthouse of the county, or at the residence of the person named, or at any other place in the county as the county judge may deem best for such person and shall give notice to such person of the time and place of such hearing. The manner and method of such hearing is specifically set out in the statutes. The statutes impose no duty upon the county attorney to represent the State in such hearings or proceedings.

It is true that Article 5550 of Vernon's Annotated Civil Statutes provides that the county attorney or the district attorney in counties having no county attorney, shall appear and represent the State in lunacy proceedings, and Article 5561, Vernon's Civil Statutes, provides that in such cases the officer shall be allowed the same fees as are now allowed for similar services performed in misdemeanor cases, and the jurors shall be each allowed a fee of $1.00 to be paid out of the estate of the defendant, if he have an estate, otherwise, by the county on accounts approved by the county judge. The above mentioned proceedings under Article 3193.o-1, supra, is not a lunacy proceeding and no fees for officers conducting the hearings is allowed or provided or authorized by said Article.

Statutes prescribing fees for public officers are strictly construed; and hence a right to fees may not rest in implication. McCalla v. City of Rockdale, 246 S. W. 654.

Honorable W. Eugene Tate, page 3

The Constitution fixes the compensation of certain officers and authorizes the Legislature to provide by law for the compensation of all other officers, servants, agents, and public contractors. Pursuant to the authority thus conferred, numerous statutes have been passed fixing the compensation for various classes of officers. As hereinabove stated, the compensation of public officers is fixed by the Constitution or statutes. An officer may not claim or reach any money without a law authorizin g him to do so, and clearly fixing the amount to which he is entitled. Binford v. Robinson, 244 S. W. 807; McLennan County v. Boggess, 317 S. W. 346; Duclos v. Harris County, 291 S. W. 611, affirmed 298 S. W. 417; Crosby County Cattle Co., v. McDermett, 281 S. W. 293.

Under the provisions of the statute which sets out the procedure to be followed in committing a patient to the State hospital for the mentally ill for not exceeding ninety days for observation and treatment (Article 3193.o-1) we are unable to find any statute which provides that the cost of such proceeding shall be paid as the cost in lunacy proceedings or any other proceedings.

In view of the foregoing, you are respectfully advised that it is the opinion of this Department that the statutes impose no duty upon the county attorney to represent the State in a proceeding authorized by Article 3193.o-1, supra, nor does the statute under consideration or any other statute provide for any fees for officers conducting hearings under said Article.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED AUG 13, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:BBB


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN